**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Jerry Rice,**

       **Plaintiff,**

                                           **Case No. 2:07-CV-0547**

**-v-**                                            **JUDGE SMITH**

                                            **Magistrate Judge King**

**Jefferson Pilot Financial Insurance
Company,**

       **Defendant.**

**OPINION AND ORDER**

Plaintiff Jerry Rice brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, alleging Defendant Jefferson Pilot Financial Insurance Company has failed to pay him the benefits he is entitled to under Rite Rug's Long Term Disability Plan.  On February 19, 2008, Defendant Jefferson Pilot moved for judgment on the merits (Doc. 14).  On February 21, 2008, Plaintiff Jerry Rice moved for judgment on the administrative record (Doc. 17).  Both parties have filed responses. The motions are now ripe for review.  For the reasons that follow, the Court **GRANTS** Defendant's Motion for Judgment on the Merits and **DENIES** Plaintiff's Motion for Judgment on the Administrative Record.

**I.   FACTS**

Plaintiff Jerry Rice is a resident of the City of Westerville, in Franklin County, Ohio. Defendant Jefferson Pilot Financial Insurance Company, NKA, Lincoln Financial Group

("Jefferson Pilot") is the insurer and administrator of Rite Rug's Long Term Disability Plan (the "Plan"), an employee benefit plan established and maintained by Rite Rug pursuant to the Employee Retirement Income Security Act of 1974.

Plaintiff Rice is a former employee of Rite Rug Company, Inc.  He was employed full-time as a floor covering installer from October 1997 through May 22, 2002.  As an employee of Rite Rug, Plaintiff was eligible to participate in an employee welfare benefit plan sponsored and maintained by Rite Rug.  The Plan provides, among other things, group long-term disability insurance benefits under an insurance policy (the "Policy") purchased by Rite Rug from Jefferson Pilot.  The Policy provides disability benefits in the event that the participant is totally or partially disabled from his own occupation.  A participant is considered totally disabled when, during the Elimination Period and Own Occupation Period, the participant, due to injury or sickness, is "unable to perform each of the main duties of his or her regular occupation." (Administrate Record ("AR") 151).  The "Elimination Period" is defined in the Policy as the first 180 days of disability due to the same related sickness or injury.  (AR 138).  The "Own Occupation Period" is the period beginning at the end of the Elimination Period and ending 24 months later.  (AR 139).  The participant's "own occupation" is the occupation, trade or profession in which the participant was employed prior to disability.  (AR 139).

The Policy states that Jefferson Pilot possesses the discretionary authority to make benefits determinations.  Specifically, the Policy grants Jefferson Pilot "sole authority to manage this Policy, to administer claims, to interpret Policy provisions, and to resolve questions under this Policy."  (AR 142). Jefferson Pilot's authority includes, but is not limited to, the "right to determine the participants' eligibility for insurance and entitlement to benefits."  (AR 142).

Further, "[a]ny decisions the Company makes in the exercise of its authority shall be conclusive and binding."  (AR 142).

With respect to limitations periods, the Policy provides that "[n]o legal action to recover any benefits may be brought until sixty days after the required written proof of claim has been given.  No legal action may be brought more than three years after written proof of claim is required to be given."  (AR 144).

Plaintiff Rice ceased working at Rite Rug on May 22, 2002[1] due to complaints of fatigue.  He then received approximately six months of short term disability benefits.  Plaintiff became eligible for long term disability benefits as of November 29, 2002.  Plaintiff presented his written proof of claim in October 2002.  On or about October 31, 2002, Plaintiff's attending physician, Dana Vallengeon, signed and completed a physician's statement.  (AR 268-269).  Dr. Vallengeon diagnosed Plaintiff with sleep apnea and narcolepsy.  (AR 268).  Dr. Vallengeon advised that Plaintiff was on several medications and recommended that Plaintiff see a sleep specialist, an infectious disease specialist, and a psychiatrist.  (*Id.*).

Plaintiff was informed by letter dated November 15, 2002, that Jefferson Pilot received his claim for long-term disability benefits.  The letter stated that the claim was being reviewed and Plaintiff would be contacted if any additional information were needed.  Defendant requested a job description from Rite Rug.  Rite Rug's Installation Manager, Jeff Davis, completed a job description form for a floor covering installer, which included:

Required to drive automotive equipment and required to travel.

---

[1] The Complaint and Defendant's Motion both provide May 22, 2002 as Plaintiff's last day with Rite Rug.  However, Plaintiff's Motion states that his last day of work was May 31, 2002.

Occasional standing walking and sitting with frequent balancing and stooping and constant kneeling and crouching.
Frequent pushing pulling, lifting, and carrying 50 to 100 pounds.
The job cannot be performed by alternating sitting and standing.
Installing floors always requires using both hands.

During its evaluation and investigation of Plaintiff's claim, Jefferson Pilot received and reviewed medical information from several doctors and health care providers. Plaintiff's application for long term disability benefits was denied on December 23, 2002. The correspondence to Plaintiff stated:

Based on our medical assessment of all the information contained in your file, the medical evidence fails to establish that your condition prevents you from performing each of the main duties of your occupation. Your medical condition and functional ability as reported would not support a severity of impairment or a "Total Disability" as defined above. For this reason, you do not meet the requirement as stated in the policy and we have determined that we must deny your request for long term disability benefits.

(AR 126). The letter also advised Plaintiff of his appeal rights pursuant to ERISA and encouraged Plaintiff to submit additional information if he desired. (AR 253).

Plaintiff Rice timely appealed this denial and submitted additional medical evidence in support of his claim for long term disability benefits. Defendant then sent Plaintiff another denial letter on February 3, 2003 upholding its decision. The letter stated:

The records show that you have been out of work since July 1, 2002, due to sleep apnea, depression and chronic fatigue syndrome. You have also indicated that you are disabled due to Epstein Barr Virus. In June 2002, your family physician documents in a note a diagnosis of chronic fatigue syndrome due to severe fatigue, and that you were to continue with antidepressant and schedule a sleep study due to difficulties with sleep. The note also indicated a history of fatigue for greater than two years during which you had been working.

Your sleep study in July had evidence of severe obstructive sleep apnea and later the CPAP was titrated to the level where there was no evidence of obstructive breathing events and where a satisfactory O2 level was maintained. You were re-evaluated in August 2002 by the sleep study physician. Compliance with the

-4-

CPAP was confirmed by database, however, there were still reports of fatigue. Your physician could not explain your continued fatigue but suspected you may have underlying psychological issues and recommended a mental health consult.

There is no evidence of treatment for psychological issues until November, which only consisted of a statement from a psychiatrist documenting your condition. Your sleep apnea and depression are both treatable with the CPAP and antidepressants and both would contribute to symptoms of chronic fatigue syndrome.

In addition, an Epstein Barr Virus test was done November 2002 which did not come back positive. A positive Epstein Barr is found in a person who has been exposed to EBV at sometime in his life, but is not a measure of dysfunction. In summary, your symptoms are all treatable with medication, breathing apparatus or counseling. There is no evidence of a severity of impairment in your condition(s) that would preclude you from performing the main duties of your occupation.

Since there is no evidence to support Total Disability from your last day of work and throughout your elimination period, we are unable to consider benefits.

(AR 128-129).

On March 3, 2003, Plaintiff Rice again appealed the denial of benefits, and Defendant Jefferson Pilot decided to have Plaintiff's claim for benefits "challenged" with a peer review. Defendant engaged Dr. Clinchot to review Plaintiff's medical records and opine as to whether he was disabled. Dr. Clinchot determined that "Mr. Rice [did] not meet the CDC criteria for Chronic Fatigue Syndrome." (AR 86). Dr. Clinchot further opined that there were "no specific limitations or restrictions that would be appropriate given [Rice's] normal physical examination." (AR 86). Dr. Clinchot ultimately concluded that Plaintiff Rice had the functional capacity to work as a floor covering installer.

On September 24, 2003, Plaintiff was informed of Jefferson Pilot's decision to uphold its decision to deny his application for long term disability benefits. Having exhausted all of his administrative remedies, Plaintiff filed suit in this Court on November 26, 2003. (Case No. 2:03-

CV-1106 (Marbley, J.). On December 15, 2004, the parties filed a joint motion to stay the case so that Plaintiff Rice could submit additional documentation in support of his claim for disability benefits to the claims administrator for re-adjudication. In an Order filed December 30, 2004, the action was stayed until April 22, 2005, and the parties were given until April 30, 2005 to re-open the case. Rice, however did not submit any additional documentation for that lawsuit. Rather, Jefferson Pilot conducted surveillance on Rice in August 2004. Jefferson Pilot also received statements from two individuals that claim Rice is not disabled. Based on this information, Jefferson Pilot issued a final denial of benefits on April 20, 2005. Plaintiff Rice never sought to have that case re-opened, and it was terminated. Nothing had occurred with respect to Plaintiff's claim until June 8, 2007, when he filed the instant action.

## II. STANDARD OF REVIEW

Plaintiff's claim for benefits is governed by ERISA. In ERISA claims contesting a denial of benefits, "the district court is strictly limited to consideration of the information actually considered by the administrator." *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998). The Court is required to review the plan administrator's decision based solely on the administrative record and render findings of fact and conclusions of law accordingly. *Wilkins v. Baptist Healthcare Systems, Inc.*, 150 F.3d 609, 619. In evaluating an administrator's or fiduciary's denial of benefits under an ERISA-governed plan, courts apply a de novo standard of review unless the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). When the plan clearly confers discretion on the administrator to

determine eligibility or construe the plan's provisions, federal courts review the administrator's decision under an "arbitrary and capricious" standard.  *See Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1248 (6th Cir. 1991).

### III.    DISCUSSION

Plaintiff Rice asserts one claim under ERISA against Defendant Jefferson Pilot.  Plaintiff seeks judgment on that claim.  Defendant Jefferson Pilot argues that it is entitled to judgment because Plaintiff's claim is time-barred and that the denial of Plaintiff's benefits was reasonable in light of the plan terms and evidence reviewed by the claims administrator.  The Court finds that Defendant's statute of limitations argument is meritorious, and it is therefore unnecessary to consider whether judgment should be rendered to either party on the merits of the ERISA claim.

### A.    Statute of Limitations

 Though claims brought pursuant to ERISA have no prescribed statute of limitations period, the Sixth Circuit allows companies to prescribe different limitations periods under the express provisions of the employee benefit plan document as long as the limitation is reasonable. *Santino v. Provident Life & Acc. Ins. Co.*, 276 F. 3d 772, 776 (6th Cir. 1992); *Clark v. NBD Bank N.A.*, 3 Fed. Appx. 500, at *8 (6th Cir. 2001) (holding that a three year limitation period is reasonable).  In the instant case, both parties agree that the Policy specifies a three-year statute of limitations for filing benefits claims.  Specifically, the Policy provides that "[n]o legal action may be brought more than three years after written proof of claim is required to be given." Therefore, the three-year statute of limitation controls Plaintiff's cause of action.

The parties dispute when Plaintiff's ERISA cause of action accrued, triggering the three-

year statute of limitations period under the Policy.  Plaintiff contends that his cause of action accrued when he received clear and unequivocal repudiation of benefits.  Plaintiff argues that under this 'clear repudiation' rule, his accrual date was September 24, 2003.  Defendant counters that according to the Policy language, Plaintiff was required to bring the current action within three years of the date that written proof of claim was submitted to Jefferson Pilot.  Therefore, Plaintiff would have had to initiate this action no later than October 31, 2005.

"[W]"hen an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there is a repudiation by the fiduciary which is clear and made known to the beneficiary." *Wilkins*, 299 F.3d at 948-49; *see also Morrison v. Marsh & McLennan Cos., Inc.*, 439 F.3d 295, 302-03 (6th Cir. 2006) (citing *Wilkins* with approval); see also *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 451 (6th Cir. 1992) (an ERISA cause of action for benefits accrues, and the statute of limitations or contractual limitations period begins to run, when a benefit claim has been made and formally denied). Confusion arises in this case because Plaintiff filed several different appeals and Defendant Jefferson Pilot conducted separate reviews.

It is important to note that within the Sixth Circuit, an ERISA plaintiff generally must exhaust his administrative remedies prior to bringing a claim in federal court.  *See, e.g. Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341 (6th Cir. 2000); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991).  This so-called "exhaustion requirement" is more typically an issue where a defendant benefit plan invokes failure to exhaust as dictating dismissal of a plaintiff's

-8-

ERISA suit. *See, e.g., Fallick*, 162 F.3d at 417-18.  The Sixth Circuit has considered and rejected the approach that because ERISA plan beneficiaries must exhaust their administrative remedies before seeking federal relief, their causes of action cannot accrue until their administrative appeals are formally denied by the Plan Administrator.  Put another way, the Sixth Circuit has rejected the argument that the statute of limitations would never begin to run until after the exhaustion of administrative remedies, no matter how late such exhaustion occurred.  *See Morrison*, 439 F.3d at 302.  Rather, the Sixth Circuit in *Morrison* stated that "[t]he rule governing when a cause of action accrues is the 'clear repudiation' rule.  This rule provides that when a fiduciary gives a claimant clear and unequivocal repudiation of benefits that alone is adequate to commence accrual, regardless of whether the repudiation is formal or not."  *Id.* at 302.  In arriving at this conclusion, the Sixth Circuit cited to *Bennett v. Federated Mutual Ins. Co.*, 141 F.3d 837, 839 (8th Cir. 1998) ("[A]n ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed when there has been a clear repudiation by the fiduciary which is clear and made known to the beneficiary."); and *Wilkins v. Hartford Life*, 299 F.3d 945, 949 (8th Cir. 2002) ("When an ERISA claim is governed by a state statute of limitations the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a repudiation by the fiduciary which is clear and made known to the beneficiary.").

Federal regulations require that insurance providers provide a full and fair review of any claim and allow for at least one appeal.  *See* 29 C.F.R. §§ 2560.503-1(h)(3)(i), (h)(4).  However, the regulations do not provide that a certain number of appeals must be filed before filing a civil action in federal court.  Consistent with these regulations, Defendant Jefferson Pilot permitted

Plaintiff Rice to file multiple appeals.  Defendant sent Plaintiff letters dated December 23, 2002, February 3, 2003, and September 24, 2003, informing him that his claim for long-term disability benefits was denied.  To err on the side of caution, and construing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's ERISA claim accrued on the date of the final denial letter.  There can be no question that at that time, there was a 'clear and unequivocal' notice of the denial of benefits.  Even assuming arguendo that either of the two previous denial letters constituted a formal denial, Defendant Jefferson Pilot arguably kept the administrative process alive by allowing Plaintiff to submit additional medical information and instituting multiple appeals.  Therefore, the Court finds that the accrual date for Plaintiff's claim was September 24, 2003.  Accordingly, Plaintiff had until September 24, 2006 to initiate a civil case in this Court.

Plaintiff, however, did not initiate this case until June 8, 2007.  Plaintiff asserts, however, that he filed his initial case on November 26, 2003, well within the statute of limitations.  Plaintiff argues that the statute of limitations was tolled while Plaintiff's first case was pending from November 26, 2003 through December 4, 2005.  Plaintiff therefore contends that he had until at least October 2008 to re-file his case within the applicable statute of limitations.  Plaintiff asserts that "[w]hile neither party re-opened the case there is also no evidence that that first case was ever dismissed with prejudiced [sic] by the Court or the Parties."  (Pl.'s Response at 3). Plaintiff's argument is disingenuous, however, because Judge Marbley's December 30, 2004 Order explicitly gave the parties until April 30, 2005 to re-open the case.  Further, when Plaintiff initiated the instant case with the Court, he did not indicate on the civil cover sheet that this was a reinstated or reopened case.  Rather, Plaintiff checked that it was an original proceeding.  (*See*

Doc. 1).

Plaintiff admits that the case law is not particularly clear as to whether the filing of Plaintiff's first action tolled the statute of limitations while that lawsuit was pending. There are two lines of cases addressing this issue which reach different results.

The first line of cases involve actions that were filed in Federal court, dismissed without prejudice and then subsequently re-filed. In such instances, courts have consistently held that "it is generally accepted that dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. *Littlejohn v. Mackinac Fin. Corp.*, 2006 U.S. Dist. LEXIS 49488 (D. Mich. July 19, 2006), *citing Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987); *see also Linson v. Lockheed Martin Energy Sys.*, 2006 U.S. Dist. LEXIS 44654 (D. Tenn. June 29, 2006).

The second line of cases address a similar situation, except that the first complaint was filed in state court. In those cases, the Courts concluded that the statute of limitations would be tolled only if the state court had proper jurisdiction of the claim in the first place. If the state court did not properly have jurisdiction, the plaintiff could not deduct from the period of the statute of limitations the time during which the action was pending in state court. *See Leemis v. Medical Servs. Research Group, Inc.*, 75 Fed. Appx. 986, 989 (6th Cir. 2003); *see also Farell v. Automobile Club of Michigan*, 870 F.2d 1129 (6th Cir. 1989).

Plaintiff argues that two different results based solely on where a plaintiff files the first

complaint is absurd.  Plaintiff asks the Court to disregard precedent and adopt the holding in those cases that allow a plaintiff to deduct from the statute of limitations the time that his previous case was filed.  The Court, however, is not persuaded by Plaintiff's argument.  The Court finds that, based on the first line of cases, Plaintiff cannot deduct the time that his previous case was pending from the statute of limitations.  Plaintiff's Complaint was not filed within the applicable limitations period, therefore his action is time barred and must be dismissed.[2]

---

[2] Though Plaintiff does not raise the issue of the Ohio Savings Statute, Defendant asserts that it does not apply in this case.  The Ohio Savings Statute, Ohio Revised Code § 2305.19, provides an extension of a statute of limitations following a dismissal of a cause of action "within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise and upon the merits."  Under this statute, if a case is dismissed for reasons other than the merits of the claim, the plaintiff may recommence the action within one year from such date.  The statute, however, is not applicable in this case as Plaintiff would have had to recommence the action within one year of its dismissal on December 30, 2004.

## IV.    CONCLUSION

Based on the aforementioned, Plaintiff's ERISA claim is time barred and must be dismissed.  Since Plaintiff's case was not filed within the applicable statute of limitations, it is not necessary to address the merits of the ERISA claim.  Therefore, the Court **GRANTS** Defendant's Motion for Judgment on the Merits and **DENIES** Plaintiff's Motion for Judgment on the Administrative Record.

The Clerk shall remove Documents 14 and 17 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

　　_/s/ George C. Smith_　　　　　　
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

-13-