Ohio challenging the denial of his application for long-term disability benefits. The district court granted Jefferson Pilot's motion for judgment as a matter of law, finding that Rice's complaint was barred by the applicable contractual limitations period. On appeal, Rice challenges the district court's determination of the date on which his claim accrued.

For the following reasons, we employ a different analysis than the district court but ultimately affirm the dismissal of Rice's ERISA claim.

## I.

Rice was employed by Rite Rug Company ("Rite Rug") in Columbus, Ohio as a floor covering installer from October of 1997 through May of 2002. According to Rice, he stopped working because he became disabled on May 22, 2002. He applied for disability benefits from the Social Security Administration ("SSA"), and the SSA determined that Rice was disabled. Jefferson Pilot's records show that Rice stopped working on June 1, "due to fatigue, headaches, aches/pains and an inability to stay focused secondary to depression and chronic fatigue syndrome."

Rite Rug established a long-term disability plan insured by Jefferson Pilot for its employees. An employee became eligible under the plan for long-term disability benefits if he had been disabled for 180 days. The plan also gave Jefferson Pilot the "sole authority to administer claims, to interpret [plan] provisions, and to resolve questions arising under this [plan] . . . includ[ing] . . . determin[ing] Employees' eligibility for insurance and entitlement to benefits." Significantly for this case, the plan included a limitations period: "No legal action may be brought more than three years after written proof of claim is required to be given."

After he ceased working, Rice applied for long-term disability benefits under the plan in October of 2002. Jefferson Pilot denied Rice's claim on December 23, 2002, finding that his medical records did not support a finding that he was "disabled" for purposes of disability benefits under the plan. Rice appealed this decision, and Jefferson Pilot denied his appeal on February 3, 2003. Rice then filed a second appeal, but he declined to submit any additional information to support his application. Jefferson Pilot obtained an opinion from an outside physician, who determined, based on the record, that Rice was not disabled.

Based on this physician's opinion, Jefferson Pilot denied Rice's second appeal on September 24, 2003.

Rice filed suit against Jefferson Pilot pursuant to ERISA in the United States District Court for the Southern District of Ohio in November of 2003. While the litigation was pending, the parties filed a joint motion to stay in order that Rice's claim could be remanded to the claims administrator for re-adjudication. The district court granted the motion. The district court further ruled that if the dispute had not been settled by April 22, 2005, either party could file a notice re-opening the case before April 30, 2005. Jefferson Pilot conducted surveillance of Rice and submitted the surveillance report, which noted that "[d]uring the time of our surveillance we did not observe Mr. Rice engaged in any physical activity." However, Jefferson Pilot received anonymous telephone calls and affidavits from Rice's brother-in-law and cousin supporting a finding that Rice was not disabled and including statements that Rice had engaged in such physical activities as scuba diving and water skiing. Rice declined to submit any additional information, and Jefferson Pilot once again denied Rice's claim on April 20, 2005. Neither party filed a notice to re-open the federal lawsuit.

On June 8, 2007, Rice filed a second complaint in the district court against Jefferson Pilot. Jefferson Pilot filed a motion for judgment as a matter of law, and Rice filed a motion for judgment as a matter of law on the administrative record. Applying the clear repudiation rule, the district court granted Jefferson Pilot's motion, finding that Rice's complaint was barred by the applicable limitations period. *Rice v. Jefferson Pilot Fin. Ins. Co.*, No. 2:07-CV-0547, 2008 WL 4059885 (S.D. Ohio Aug. 25, 2008). The district court held that September 24, 2003, the date of final denial of Rice's appeal, was the date on which Rice's claim accrued. Applying the three-year limitations period provided by the policy plan, the district court held that Rice had until September 24, 2006, to file a legal claim and found that his June 8, 2007, claim was thus barred. Rice timely appealed to this court.

## II.

We review a district court's determination of a motion for judgment as a matter of law *de novo*. *See Parker v. Gen. Extrusions, Inc.*, 491 F.3d 596, 602 (6th Cir. 2007). We also review *de novo* "a district court's determination that a complaint was filed outside of the statute of limitations." *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (quoting *Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005)).

### A.

Because ERISA does not contain a statute of limitations for claims seeking benefits, courts normally borrow the most analogous state statute of limitations to apply to ERISA claims. *See Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees*, 547 F.3d 531, 534-35 (6th Cir. 2008). However, both parties agree in this case that the plan's contractual limitations period applies. "[C]hoosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is reasonable." *Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008); *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947) ("[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be . . . reasonable . . . ."). Rite Rug's long-term policy plan states that "[n]o legal action may be brought more than three years after proof of claim is required to be given." Both Rice and Jefferson Pilot agree that this language imposes a three-year limitation period on Rice's ERISA claim. We have upheld a limitations period of three years as reasonable numerous times. *See, e.g., Med. Mut. of Ohio*, 548 F.3d at 390; *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 301-03 (6th Cir. 2006).

The dispute arises over the date on which the three-year limitations period began to run. Rice initially argued before the district court that his claim accrued on September 24, 2003, the date of Jefferson Pilot's third denial of his application for benefits. The district court viewed the facts in the light most favorable to Rice and agreed that the accrual date was September 24, 2003. *Rice*, 2008 WL 4059885, at *6. On appeal, Rice now argues that

the accrual date was April 20, 2005, the date on which Jefferson Pilot denied his claim after the parties had stayed the district court litigation. Jefferson Pilot claims that Rice waived this argument by failing to raise it before the district court.

In determining whether an argument is waived, the "general rule [is] that an issue not raised before the district court is not properly before us." *Foster v. Barilow*, 6 F.3d 405, 409 (6th Cir. 1993). We have found that this general policy is justified by two main policy goals: "First, the rule eases appellate review by having the district court first consider the issue. Second, the rule ensures fairness to litigants by preventing surprise issues from appearing on appeal." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (internal citations and quotation marks omitted). Only in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice," *id.* (quoting *Foster*, 6 F.3d at 407 (internal quotation marks omitted)), do we exercise our discretion to entertain arguments not raised before the district court.

In this case, Rice not only failed to argue that the accrual date was April 20, 2005, before the district court, but he vehemently argued that his claim accrued on a different date – September 24, 2003. Furthermore, the district court, "err[ing] on the side of caution," *agreed* to accept Rice's proposed date of accrual. *Rice*, 2008 WL 4059885, at *6. Rice has neither attempted to explain the discrepancy in his arguments, nor even acknowledged that he is now presenting an entirely different argument. Because Rice has not demonstrated that exceptional or particular circumstances exist that would weigh in favor of exercising discretion, we find that Rice has waived his argument that his claim accrued on April 20, 2005.

Even if the argument were not waived, we find that the limitations period expired before Rice filed the instant case. The contractual language binds the parties further than the three-year limitations period; the policy specifically states that "[n]o legal action may be brought more than three years after *proof of claim is required to be given*." (emphasis added.) The district court and the parties, however, looked outside of the contract and to the Eighth Circuit for guidance. In *Wilkins v. Hartford Life & Accident Insurance Co.*, 299 F.3d 945, 948-49 (8th Cir. 2002), the Eighth Circuit rejected without explanation contractual language that the three-year limitations period began to run when "written proof of loss

is required to be furnished." It instead applied the clear repudiation rule, finding that "when an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitation purposes, when the plan administrator formally denies the claim for benefits, unless there is a repudiation by the fiduciary which is clear and made known to the beneficiary." *Id.* (internal citation and quotation marks omitted). Based on this language, the district court ignored the contractual provision in this case and applied the clear repudiation rule.

*Wilkins*, however, does not apply to this case for two reasons. First, it is not binding on our court. *See DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 923 (6th Cir. 2006). Indeed, by ignoring the plain language of the contract, *Wilkins* is contrary to our court's principle of upholding contracts between parties when the terms are reasonable. *See Thurman v. DamilerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004) (upholding contractual limitations period; *Clark v. NBD Bank, N.A.*, 3 F. App'x 500, 503 (6th Cir. 2001) (upholding the specific contractual language that the limitations period began at "the time written proof of loss is required to be furnished" and collecting cases). Second, *Wilkins* found that the clear repudiation rule applies when an ERISA claim is governed by a *state* statute of limitations. *Wilkins*, 299 F.3d at 948-49. In this case, the limitations period is not governed by a state statute of limitations, but rather a *contractual* one. *See Angel v. Reed*, 891 N.E. 2d 1179, 1181 (Ohio 2008) (noting the firmly established principle that under Ohio law, parties to a contract may validly agree to a limitations period different from the state statute of limitations).

While it is well-established that parties may contract for the length of the limitations period, *see id.*, the narrow question we must address is whether parties can also contract for the date on which an ERISA claim accrues. We have specifically emphasized the freedom of parties to contract for the details of ERISA claims: "[T]he plain language of an ERISA plan should be given its literal and natural meaning . . . . [F]ederal courts may not apply common law theories to alter the express terms of written benefits plans." *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997) (internal citations omitted). Furthermore, the Supreme Court and this circuit have both noted, albeit in the context of EEOC claims, that "parties could conceivably . . . agree[] to a contract" which set a different

date of accrual for limitations periods than the statutory one. *Int'l Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 234 (1976); *Krzyzewski v. Metro. Gov't of Nashville & Davidson County*, 584 F.2d 802, 806 (6th Cir. 1978). Although there are situations in which a contractual accrual date for ERISA claims could be unreasonable, *see White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240, 246 (4th Cir. 2007), there is nothing in the language of the contract in this case to suggest that the contractual accrual date is unreasonable. The Jefferson Pilot plan provides a three-year limitations period, along with a fail-safe provision that an employee's application is considered denied if no answer is received within ninety days, thus avoiding any situation in which the limitations period would prevent an employee from bringing suit. *See id.* at 247-48 (finding a contractual accrual date unreasonable because the statute of limitations could expire before an employee knew that his application was denied and thus before he could file suit in federal court). Because the parties have not provided any reason to ignore the plain language of the contract, and because we cannot find one, we hold that the clear repudiation rule does not apply and that the language of the contract governs. *See Health Cost Controls*, 139 F.3d at 1072 ("A primary purpose of ERISA is to ensure the integrity and primacy of the written plans.").

This result is in accord with several other circuits, which have upheld contractual accrual dates almost identical to the one in the contract before us. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872-74 (7th Cir. 1997) (enforcing the accrual date and limitations period of a contract that stated "no legal action may be commenced . . . later than three (3) years from the time written proof of loss was required to be filed" (ellipsis in original)); *Blaske v. UNUM Life Ins. Co. of Am.*, 131 F.3d 763, 764 (8th Cir. 1997) (enforcing the accrual date and limitations period of a contract that prohibited legal action after three years from the date that proof of claim is required). *But see White*, 488 F.3d at 246-48 (rejecting the notion that parties can contract for an accrual date and enforcing the clear repudiation rule).

Indeed, in an unpublished disposition, we upheld contractual language similar to that at issue here. *Clark*, 3 F. App'x at 503. The employer's plan stated that "[n]o such action . . . shall be brought after the expiration of three years after the time written proof of loss is

required to be furnished." *Id.* We determined that the employee's ERISA claim was time-barred because she had filed suit six years after proof of loss was due, and thus three years after the limitations period ended. *Id.*

Similarly, in this case, Rite Rug's plan authorized suit within three years of the time written proof of claim was required to be given. Rice alleges that he became disabled on May 22, 2002. He submitted written proof of claim in October of 2002; Jefferson Pilot thus argued before the district court that Rice had until October of 2005 to file suit, *i.e.*, three years after he actually gave proof of claim. The contract, however, prohibits "legal action brought more than three years after written proof *is required to be given*." (emphasis added.) The limitations period began to run not when Rice submitted written proof, but on the last day written proof was allowed to be submitted. *See Clark*, 3 F. App'x at 503.

Proof of claim, as defined in the contract, must be given within 90 days after the end of the Elimination Period, which is defined as 180 days of disability. In other words, Rice's claim accrued 270 days from the alleged onset of his disability. Rice claims that he became disabled on May 22, 2002, so his claim accrued on February 16, 2003. He then had three years from the date his claim accrued to bring legal action against Jefferson Pilot. This three-year period expired on February 16, 2006.[1] Rice filed the current ERISA claim in federal court on June 8, 2007, more than one year after the limitations period expired.[2]

### B.

Rice argues that the limitations period was tolled while his first case was pending in the district court, from November 26, 2003, through December 4, 2005, rendering his 2007 filing timely. Rice claims that because his first complaint was timely filed and the district court had subject matter jurisdiction over the claim, the first case

---

[1] Jefferson Pilot's records indicate that Rice's Elimination Period began on June 1, 2002, the day on which he stopped working. Even with the benefit of Jefferson Pilot's later date, Rice's claim accrued on February 26, 2003, and the limitations period expired on February 26, 2006.

[2] The contract authorizes that if it was not reasonably possible to submit written proof of claim during the required period, employees may file proof up to one year from the end of the Elimination Period. Even under this extended time period, the limitations period began on November 18, 2003 – and ended on November 18, 2006, almost six months before Rice filed this action.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 04, 2009

Adam Jay Hubble, Todd Austin Brenner
Law Office
555 Metro Place N., Suite 225
Dublin, OH 43017

Mr. Tony C. Merry
Law Offices of Tony C. Merry
3300 Riverside Dr., Suite 125
Columbus, OH 43221

> Re: Case No. 08-4180, *Jerry Rice v. Jefferson Pilot Financial Ins*
> Originating Case No. 07-00547

Dear Counsel,

Enclosed are copies of corrected pages from the decision originally sent to you on August 24, 2009. Please make the correction in your publication version as indicated on pages 2 through 8.

Thank you for your cooperation in this matter.

> Yours very truly,
>
> Leonard Green, Clerk
>
>
> Linda K. Martin
> Deputy Clerk

Cc: Publishers
Enclosures